# Kramer *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Passengers—Collision—Fright — Personal injuries.*

In the trial of an action to recover damages for personal injuries sustained in collision, while plaintiff was a passenger on defendant's trolley car, it was for the jury to determine whether plaintiff's injuries arose solely from nervous. shock and fright, or from actual physical injury caused by the accident, where it appeared that there was a severe shock, plaintiff felt a disturbance of her internal organs at the time, followed by severe pain in various parts of her body, and two weeks afterwards her physician discovered discoloration on the surface of parts of her body and symptoms which indicated spinal injury.


Argued Oct. 14, 1914. Appeal, No. 90, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1911, No. 499, on verdict for plaintiff in case of L. A. Kramer and Helen S. Kramer, a minor by her next friend and father, L. A. Kramer v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of DAVIS, J., sur defendant's motion for a new trial:

A consideration of the motion and reasons for a new trial in this case has not convinced us that the case should be submitted to another jury.

The evidence on the part of the plaintiff of her condition, physical and mental, whether permanent or likely to continue for a period of five to seven years, if believed by the jury, was sufficient to justify the amount of the verdict.

We are also of the opinion that no error was committed in refusing defendant's fourth point, viz: "There is not sufficient evidence that the conditions from which

the plaintiff, Helen S. Kramer, suffered, are the result of, or were accompanied by, physical injury received at the time of the accident, and therefore your verdict should be for the defendant."

The evidence of the plaintiff, taken with the testimony of Dr. Ralston of the condition of plaintiff's back on his physical examination, required the submission of the case to the jury on the question whether the plaintiff was or was not physically injured at the time of the accident.

The points of the defendant that were refused were not read to the jury, and are sufficiently covered by the general charge.

The defendant's fifth point is technically correct as a matter of law, viz: "Unless the jury find from the evidence that the accident was occasioned by the negligence of the defendant company, the plaintiff cannot recover, and in that case your verdict should be for the defendant."

This point has no particular application to the facts of the case. The nature of the accident—the collision of two cars of the defendant on the same track—raises the presumption of defendant's negligence, and casts the burden on the defendant to satisfy the jury that the accident to plaintiff was not due to any negligent act on its part, which might have led to or caused the accident.

The defendant might have satisfied the jury, if the testimony offered had been followed by any evidence showing an inspection of the car after the accident.

The motorman testified as follows:

"Q.—Will you just state to the court and jury how the accident occurred, and what you did?

"A.—As near as I can tell you, I left the top of the hill after making my sand stop, and got about two-thirds way down the hill when something gave loose on the car. When I went to make the second safety stop at the boulevard, I had no brakes for to stop my car. My car kept on making speed, and by the time I tried all

my brakes, I had none. I got down as far as the foot of the hill at Craig street and smashed into the other car."

He further testified:

"Q.—So there must have been something broke in connection with the hand brake, and something must have broken in connection with the power?

"A.—Yes, sir."

No testimony was offered on the part of the defendant, of any special inspection of the brakes prior to or after the accident, other than the general inspection of the car the night before the accident, and the operation of the car up to the time of the accident.

Verdict for plaintiff for $5,000, and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, instructions to jury and the refusal of the court to direct a verdict for defendant.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Ralph P. Tannehill,* for appellee.

PER CURIAM, January 2, 1915:

The main question at the trial was whether the conditions from which the plaintiff suffered were caused by physical injury sustained while a passenger in the defendant's car or were the result of nervous shock and fright alone. The collision between the car on which she was riding and another car of the defendant on the same track was so severe as to throw some of the passengers to the floor and one to the street. While there was no evidence that her body struck any object, she testified that at the time she felt a disturbance of her internal organs followed by severe pains in her back and side and around her waist. Two weeks afterwards her physician found discolorations on the surface of parts of her

body and symptoms which indicated spinal injury. This testimony required the submission of the question to the jury. The presumption which arises where a passenger is injured by reason of defects in the means of transportation relieved the plaintiff from affirmative proof of the defendant's negligence. For the reasons stated in the opinion of the learned trial judge the judgment is affirmed.